Exhibit A

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.
Simon Bahne Paris, Esquire
Patrick Howard, Esquire
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
*Attorneys for Plaintiff and the Proposed Class*

| | |
|---|---|
| **ROBERT E. SMITH**, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**VANGUARD DEALER SERVICES, LLC** and **ROYAL GUARD, LLC**<br><br>Defendant. | SUPERIOR COURT OF<br>NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>Docket No.: L 2044-08<br>TRACK # 2<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Robert E. Smith, Plaintiff, on behalf of himself and all others similarly situated, by and through his attorneys, bring this class action seeking damages, including statutory damages, injunctive and equitable relief, as well as attorneys' fees and costs against Defendants, Vanguard Dealer Services, LLC and Royal Guard, LLC (collectively "Defendants"). Upon information and belief, and in connection therewith, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. The claims at issue arise out of the Defendants' illegal sale of the "Royal Guard Vehicle Theft Protection Etch Warranty Registration" ("Royal Guard") to consumers in the United States since as early as 2001. Royal Guard is an aftermarket

1

product sold to consumers typically in conjunction with a vehicle purchase and through Defendants' automobile dealership agents. Defendants, Vanguard Dealer Services, LLC (hereinafter referred to as "VDS") and Royal Guard, LLC, orchestrate the manufacture, distribution, sale and administration of Royal Guard.

2. Royal Guard is comprised of two components: (1) the etching of an arbitrary number into the windows of the vehicle – known as "window etching" - to purportedly deter theft; and (2) an undeclared warranty for the "theft protection etch" that provides the consumer a credit ranging from $2,000 to $5,000 at the "Original Selling Dealer to be used toward the purchase of a replacement…vehicle [in the event the consumer's vehicle is stolen and declared a total loss]."

3. Royal Guard's "Warranty Benefit," however, violates the Magnuson-Moss Warranty Act ("MMWA") because it contains an illegal tying arrangement prohibited by 15 U.S.C. § 2302(c). Whereas, the warranty benefit is provided to the consumer in the form of a credit toward the purchase of a replacement vehicle *only* at "the Original Selling Dealer." Thus, Royal Guard's warranty illegally restricts the consumer's ability to choose among competing automobile dealerships' services by limiting payment of the warranty's benefit to *only* the dealership expressly identified by corporate name in the warranty in violation of 15 U.S.C. § 2302(c).

4. Defendants' inclusion of an illegal tying arrangement in Royal Guard's warranty deprives its purchaser of the minimum rights and standards owed a warrantee, constitutes a deceptive act, and renders the warranty unenforceable and void. This action therefore seeks, *inter alia*, to terminate all practices complained of herein and refund Plaintiff and the members of the Class all charges they paid in connection with the Royal

2

Guard; statutory damages of not less than $100 per transaction; disgorge any unlawfully retained profits from the unauthorized sales of this illegal warranty, along with treble damages, plus interest and all attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action because Plaintiff and Defendants reside in New Jersey and the Defendants maintain their place of business and regularly conduct business in New Jersey.

6. Venue is proper in this Court since Defendants, VDS and Royal Guard, LLC, regularly conduct business within Gloucester County, New Jersey.

## PARTIES

7. Plaintiff, Robert E. Smith, is an adult individual who resides in Toms River, NJ. On or about September 28, 2004, Plaintiff purchased Royal Guard in conjunction with a vehicle purchase from Defendants' automobile dealership agent, Rassas Pontiac located in Red Bank, NJ. Plaintiff paid $109.00 for Royal Guard.

8. Defendant, Vanguard Dealer Services, LLC ("VDS"), is a New Jersey company whose principal place of business is 30 Two Bridges Rd., Suite 350, Fairfield, NJ 07004. VDS regularly conducts business within New Jersey arranging for the unlawful sale of Royal Guard throughout the United States from its New Jersey office.

9. Defendant, Royal Guard, LLC, is a New Jersey company that is affiliated with VDS and shares VDS' principal place of business at 30 Two Bridges Rd., Suite 350, Fairfield, NJ 07004. Royal Guard, LLC regularly conducts business within New Jersey arranging for the unlawful sale of Royal Guard throughout the United States from its New Jersey office.

3

## FACTUAL BACKGROUND

A. <u>Royal Guard</u>

10. Beginning in at least 2001, Defendants VDS and Royal Guard, LLC manufactured, distributed, marketed, administered and sold Royal Guard in New Jersey and other states, as purchased by Plaintiff.

11. Royal Guard is comprised of two components: (1) the etching of an arbitrary number into the windows of the vehicle – known as "window etching"- to purportedly deter theft; and (2) an undeclared warranty for the etch that provides the consumer a credit ranging from $2,000 to $5,000 at the "Original Selling Dealer to be used toward the purchase of a replacement of a [sic] vehicle."

12. The Royal Guard form warranty appears as follows:

[Royal Guard ETCH Warranty Registration form for SMITH DR, ROBERT E, TOMS RIVER, NJ 08755, Vehicle: PONT GRAN 2004, VIN 2G2WS522041363725, Purchase Price $24,528.98, Amount Financed $25888.66, Auto Security System Selling Price $109.00, Alpha Numeric Code WAS127506384, Dealer: RASSAS PONTIAC, 395 BROAD ST, RED BANK, NJ 07701, (732) 741-6180, dated 28 SEP 2004, Warranty Benefit $2,000 selected, Term 3 yr selected]

13. An illegal tying arrangement is created by the following express language in the Royal Guard Warranty Benefit:

> In the event the Auto Security System installed on the Vehicle specified in this Warranty fails to prevent the Vehicle from being stolen and such failure results in Total Loss as defined herein, <u>*Royal Guard hereby warrants to pay a the [sic] benefit selected above at the Original Selling Dealer to be used toward the purchase of a replacement of a [sic] vehicle.*</u> This credit must be used within 120 days of loss or it will become null and void.

(Emphasis added).

14. The "Original Selling Dealer" is specifically identified in the Royal Guard Warranty Benefit by corporate name:

| Dealer Name | | (732) 741-5180 Dealer Phone# | | |
|---|---|---|---|---|
| RASSAS PONTIAC | City | | State | Zip Code |
| Street Address | | | | 07701 |
| 395 BROAD ST | RED BANK | | NJ | |

15. Payment for Royal Guard is only tendered for the "warranty benefit" set forth above. The "window etching" component is uniformly provided by Defendants' automobile dealer agents regardless of a consumer's purchase of Royal Guard. Thus, the exchange of consideration is the consumer's payment for Royal Guard in exchange for the consumer's right to file a claim for the benefit under the Royal Guard warranty.

16. To receive the illegal credit under the warranty benefit, a claim must be submitted to and approved by Royal Guard, LLC, which serves as the warranty administrator. This claim must be submitted within ninety (90) days of the date of loss and the credit must be used within one hundred twenty (120) days of the date of loss, a mere thirty days later. If the claim is approved and a replacement vehicle purchased at the dealer specified in the warranty, the warranty benefit is tendered to that dealer in the form of a credit toward consumer's replacement vehicle purchase.

**B.   The Royal Guard was Unlawfully Sold to Consumers Since Its Warranty Created an Illegal Tying Arrangement Prohibited By The MMWA**

17.   Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, in 1975 in response to widespread complaints from consumers that many warranties were misleading and deceptive. To remedy this problem of deception and to protect consumers, the MMWA mandates requirements and minimum standards to which every warranty offered in the United States must comply. Royal Guard fails to satisfy these minimum requirements because it includes an illegal tying arrangement.

18.   Plaintiff and the Class members are "consumers" within the meaning of the MMWA, 15 U.S.C. § 2301(3).

19.   Defendants are a "supplier" and "warrantor" within the meaning of the MMWA, 15 U.S.C. § 2301(4)-(5).

20.   The amount in controversy of Plaintiff's claim meets or exceeds the sum or value of $25.

21.   Royal Guard is a written warranty under the MMWA, and as such it must satisfy the minimum federal standards and certain disclosure requirements pursuant to 15 U.S.C. §§ 2302, 2303, 2304, 2308.

22.   Among these minimum standards mandated by the MMWA is an express statutory prohibition against any tying arrangement, which states in pertinent part:

> No warrantor of a consumer product may condition his written or implied warranty of such product on the consumer's using, in connection with such product, any article or service (other than article or service provided without charge under the terms of the warranty) which is identified by brand, trade, or corporate name….

15 U.S.C. § 2302(c).

6

23. "Section 102(c) prohibits tying arrangements that condition coverage under a written warranty on the consumer's use of an article or service identified by brand, trade, or corporate name unless that article or service is provided without charge to the consumer." 16 C.F.R. § 700.10(a).

24. This anti-tying provision was intended by the legislature to "prohibit[] any warrantor of a consumer product from conditioning his warranty on the consumer using in connection with such product, any article or service which is identified by brand, trade, or corporate name." H.R. Rep. 93-1107 (1974).

25. Congress further expressed its purpose and intent behind Section 102(c) as "prohibiting tying arrangements in warranties that effectively restrict the consumer's ability to choose among competing brands of products or services that can be used in conjunction with the warranted products." *Interpretations of the Magnuson-Moss Warranty Act*, 45 Fed. Reg. 36112, 36114 (July 13, 1977) (codified at 16 C.F.R. §700).

26. Royal Guard violates Section 102(c) because it restricts the consumer's ability to choose among competing automobile dealerships' services by limiting payment of the warranty's benefit to *only* the dealership expressly identified by corporate name in the warranty.

27. Specifically, Royal Guard's offending provision states:

> In the event the Auto Security System installed on the Vehicle specified in this Warranty fails to prevent the Vehicle from being stolen and such failure results in Total Loss as defined herein, *Royal Guard hereby warrants to pay a the [sic] benefit selected above at the Original Selling Dealer to be used toward the purchase of a replacement of a [sic] vehicle*." (Emphasis added).

28. Thus, the warranty benefit is tied to the "Original Selling Dealer" that is specifically identified by "brand, trade or corporate name."

7

29. The warranty benefit is payable only as a "credit" and only to the "Original Selling Dealer" specified in the warranty. The consumer *must* purchase the replacement vehicle from the dealership identified by corporate name in the Royal Guard "Warranty Registration" or lose the benefit for which the consumer tendered payment.

30. The services of the "Original Selling Dealer" and cost of the replacement vehicle are *not* covered by Royal Guard, and therefore, the consumer does not receive the services of the dealership without charge.

31. The Royal Guard warranty is an illegal written warranty within the meaning of the MMWA. As noted above, the only exchange of consideration between the consumer and Defendants for Royal Guard is in connection with the coverage set forth in its written warranty given that all vehicles receive the other component, the window etching, at no charge.

32. This tying arrangement is designed to eliminate competition for the "Original Selling Dealer" on consumers' purchases of replacement vehicles by conditioning the warranty's benefit to the specified dealership. Such tying arrangements are prohibited by the MMWA and fail to satisfy the minimum standards for warranties in the United States. As a result, no such warranty can lawfully be offered to or paid for by any consumer. Given its patent illegality and uniformity to all transactions, the Royal Guard purchases by Plaintiff and the Class are *void ab initio*.

33. The inclusion of this tying arrangement in the Royal Guard warranty is "an unfair or deceptive act or practice in violation of section 5(a)(1) of the Federal Trade Commission Act..." S. Conf. Rep. No. 93-1408 (1974).

34. The Royal Guard warranty is also not declared as a "Full" or "Limited" warranty as required by the MMWA.

## CLASS ACTION ALLEGATIONS

35. This action is brought by Plaintiff as a class action pursuant to New Jersey Court *Rule* 4:32 and for all claims asserted herein, on behalf of themselves and the following Class:

> **ALL PERSONS WHO PURCHASED THE ROYAL GUARD IN THE UNITED STATES SINCE DECEMBER 3, 2002. EXCLUDED FROM THE CLASS ARE ANY DEFENDANTS, THEIR RESPECTIVE PARENTS, EMPLOYEES, SUBSIDIARIES- AND AFFILIATES, AND ALL GOVERNMENT ENTITIES.**

36. The Class is believed to include tens of thousands of consumers who purchased Royal Guard.

37. The proposed Class is so numerous that the individual joinder of each would be impracticable. The exact number of members is unknown at this time but can be ascertained readily from the registration records of Defendants. Plaintiff believes and therefore avers that the number of Class members is in the thousands. In many instances, such persons either are unaware that claims exist on their behalf or have sustained damages in amounts too small to justify the expense and effort required to bring suit separately. These damages, addressed collectively through the class action mechanism, are substantial enough to justify legal action.

38. This matter presents common questions of law and fact arising out of the sale of the Royal Guard. These common questions predominate over any individual questions applicable to members of the proposed Class. Among the numerous questions of law and fact common to the proposed Class are:

9

    a.    whether the benefit payable under the Royal Guard creates a tying arrangement prohibited by the MMWA;

    b.    whether the illegal sale of the Royal Guard constitutes an unlawful act in violation of the New Jersey Consumer Fraud Act;

    c.    whether Plaintiff and the Class were damaged as a result of their Royal Guard purchase;

    d.    whether Plaintiff and the Class are entitled to statutory damages of not less than $100 each pursuant to New Jersey's Truth-in-Contract, Warranty and Notice Act because the Royal Guard warranty includes a tying arrangement prohibited by the MMWA;

    e.    whether the Royal Guard agreements should be rescinded due to their illegality and all payments tendered for the Royal Guard refunded; and

    f.    whether the Defendants were unjustly enriched by retaining a portion or the entire fee charged for Royal Guard.

39. Plaintiff's claims are typical of the proposed Class. The Royal Guard form written warranty expressly includes the illegal tying arrangement for each Royal Guard sale. Plaintiff and all members of the Class sustained damages, and are entitled to statutory damages, arising from the Defendants' common course of conduct as complained of herein. The amount of money at issue is such that proceeding by way of class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and members of the Class.

40. There are no unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions. Damages may be calculated with mathematical precision.

41. Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained qualified and experienced counsel in class action litigation, and counsel has no adverse interest. Plaintiff understands the nature of the claims herein, has

no disqualifying interest and will vigorously represent the Class. Plaintiff, by agreement with his counsel, has the resources necessary to prosecute the case fully and completely.

## COUNT I
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT, *N.J.S.A* 56:8-1, *et seq*.

42. Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

43. Plaintiff and the members of the proposed Class are consumers as that term is defined under *N.J.S.A.* 56:8-1.

44. The Royal Guard is merchandise as that term is defined in *N.J.S.A.* 56:8-1(c).

45. Plaintiff and all members of the Class purchased the Royal Guard.

46. Royal Guard was sold to Plaintiff and members of the Class through the authorized automobile dealership agents of VDS and/or Royal Guard, LLC.

47. The sale of the Royal Guard by the Defendants is an unconscionable commercial practice in violation of *N.J.S.A.* 56:8-2 because it contains a tying arrangement prohibited by the MMWA.

48. The sale of the Royal Guard by the Defendants constitutes the illegal sale of a warranty that is "an unfair or deceptive act or practice in violation of section 5(a)(1) of the Federal Trade Commission Act . . . ." S. Conf. Rep. No. 93-1408 (1974).

49. Defendants' actions in connection with the promotion, marketing, solicitation, negotiation, administration and sale of the Royal Guard, as set forth herein,

constitute unfair and deceptive acts and practices in the sale of merchandise to consumers in violation of the *N.J.S.A.* 56:8-1, *et al.*

50. This NJCFA violation entitles Plaintiff and the Class to refunds of any and all payments for the Royal Guard pursuant to *N.J.S.A.* 56:8-2.11.

51. As a direct result of the deceptive practices of the Defendants, Plaintiff and the members of Class suffered an ascertainable loss in the amount of the charges imposed or paid for the Royal Guard.

## COUNT II
## VIOLATION OF NEW JERSEY'S TRUTH-IN-CONSUMER CONTRACT, WARRANTY AND NOTICE ACT

52. Plaintiff, on behalf of himself and all others similarly situated, reallege and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

53. Plaintiff and members of the Class are "consumers" within the meaning of *N.J.S.A.* 56:12-15.

54. The Truth-In-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-15 states, in relevant part:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

55. Defendants offered, gave and/or displayed the Royal Guard to Plaintiff and the Class.

12

56. The Royal Guard is a written consumer warranty that includes a tying arrangement prohibited by the MMWA, and therefore violated a clearly established legal right of Plaintiff and the members of the Class contrary to the requirements of the Truth-In-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-15.

57. As a result of this violation and pursuant to *N.J.S.A.* 56:12-17, Defendants are liable to Plaintiff and each Class member for a minimum statutory penalty of $100.00, as well as actual damages and attorneys' fees and costs.

## COUNT III
## UNJUST ENRICHMENT

58. Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

59. As the intended and expected result of their conscious wrongdoing as set forth in this Complaint, Defendants have profited and benefited from the unlawful sale of the Royal Guard.

60. Defendants' agreements with Plaintiff and the Class Members are *void ab initio* because the object and purpose of the contract – the warranty benefit that is contingent upon the use of the "Original Selling Dealer" to secure a replacement vehicle – is illegal. As a result, no lawful contract ever existed between Defendants and any member of the Class, including Plaintiff.

61. Defendants have voluntarily accepted and retained these profits and benefits, derived from Plaintiff and members of the Class, with full knowledge and awareness that, as a result of their deception, Plaintiff and the members of Class paid

13

substantial monies and benefits to Defendants to which Defendants were not lawfully entitled.

62. Defendants have been unjustly enriched at the expense of the Plaintiff and the Class members, who are entitled to in equity, and hereby seek, the disgorgement and restitution of Defendants' wrongful profits, wrongful commissions, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

## COUNT IV
## RESCISSION

63. Plaintiff, on behalf of himself and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

64. Plaintiff and the Class Members accepted the offer to purchase the Royal Guard and provided consideration for it in the form of a monetary payment.

65. Defendants, therefore, formed contracts with Plaintiffs and the members of the Class.

66. However, fulfillment of Defendants' contractual obligations under the Royal Guard is not possible without violating the anti-tying provision of the MMWA.

67. Defendants' are therefore unable to perform under the Royal Guard without violating federal law; the object of the Royal Guard contract was illegal at its inception.

68. As a result, Plaintiff and the members of the Class are entitled to have the Royal Guard contract rescinded and to have all payments tendered for the Royal Guard refunded.

69. The illegality of the Royal Guard also violates public policy, and therefore the Royal Guard contract is null and void and must be rescinded and all payments tendered it refunded to Plaintiff and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following:

(a) An order certifying this action as a class action, appointing Plaintiff as Class Representative and designating Plaintiff's counsel as Class Counsel;

(b) The Royal Guard warranty is hereby declared to include a tying arrangement that is prohibited by the MMWA;

(c) An order declaring the conduct alleged herein be unlawful within the meaning of New Jersey's Consumer Fraud Act;

(d) An order declaring that the Royal Guard warranty violates the Truth-In-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-15;

(e) The application of New Jersey law to all Royal Guard purchasers in the United States;

(f) A judgment awarding Plaintiff and each member of the Class a full refund of all monies paid for the Royal Guard, interest thereon and any amount by which Defendants have been unjustly enriched, plus treble damages;

(g) A judgment awarding Plaintiff and each member of the Class all compensatory or statutory damages, including a minimum of $100 each pursuant to the Truth-In-Consumer Contract, Warranty and Notice Act, *N.J.S.A.* 56:12-17;

(h) An order awarding Plaintiff and the Class their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

15

(i) An award of such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, or proper by the Court.

## CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, and that no other such action or arbitration proceeding is contemplated.

## DESIGNATION OF TRIAL COUNSEL

In accordance with *Rule* 4:5-1, Simon Bahne Paris, Esquire is hereby designated as trial counsel.

## JURY TRIAL DEMAND

Pursuant to New Jersey Court *Rule* 4:35-1, Plaintiff hereby demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: December 3, 2008     By: _____
SALTZ, MONGELUZZI, BARRETT
& BENDESKY, P.C.
Simon Bahne Paris, Esquire
Patrick Howard, Esquire
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
(215) 575-3895
sparis@smbb.com
phoward@smbb.com

*Attorneys for Plaintiff and the Proposed Class*

16