```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ROBERT E. SMITH,                      :
                                      :   Civil A. No. 09-31(NLH)(JS)
                                      :
        Plaintiff,                    :
                                      :
   v.                                 :   **OPINION**
                                      :
VANGUARD DEALER SERVICES, LLC         :
and ROYAL GUARD, LLC,                 :
                                      :
        Defendants.                   :

**APPEARANCES:**

Simon B. Paris, Esquire
Saltz, Mongeluzzi, Barrett & Bendesky, PC
One Liberty Place
1650 Market Street
52nd Floor
Philadelphia, PA 19103

   *Attorney for plaintiff*

Marvin J. Brauth, Esquire
Wilentz, Goldman & Spitzer, PC
90 Woodbridge Center Drive
Po Box 10
Woodbridge, NJ 07095-0958

   *Attorney for defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on plaintiff's motion to remand his putative class action concerning an alleged illegal tying arrangement between certain car dealerships and a "theft protection etch" warranty.  For the reasons expressed below, plaintiff's motion will be granted.

## BACKGROUND[1]

Plaintiff, Robert E. Smith, proceeding on his behalf and all others similarly situated, filed a putative class action against defendants, Vanguard Dealership Services, LLC and Royal Guard, LLC in New Jersey state court.  Defendants sell the product "Royal Guard Vehicle Theft Protection Etch Warranty Registration" ("RG Etch"), which is an aftermarket product sold to consumers typically in conjunction with a vehicle purchase.  The RG Etch is comprised of two components: (1) the etching of an arbitrary number into the windows of the vehicle to purportedly deter theft, and (2) an undeclared warranty for the etch that provides the consumer a credit ranging from $2,000 to $5,000 at the original selling dealer to be used toward a replacement vehicle in the event the consumer's vehicle is stolen and declared a total loss.  Plaintiff claims that defendants have violated New Jersey state law because the RG Etch warranty benefit constitutes a tying arrangement in violation of the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2302(c).

Defendants removed the case to this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, claiming that under the well-pleaded complaint rule, plaintiff has asserted a federal question.  Plaintiff has filed the instant motion for remand, arguing that the MMWA expressly prohibits jurisdiction of his claims in federal court.  Plaintiff is also seeking

---

[1]All background facts are taken from plaintiff's complaint.

attorney's fees and costs associated with the motion to remand because he claims that defendants did not have an objectively reasonable basis for removal.  Defendants have opposed plaintiff's motion.[2]

## DISCUSSION

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441.  Section 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored.  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  This policy "'has always been rigorously enforced by the courts.'"  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  Parties may not confer subject matter jurisdiction by consent, Samuel-Bassett, 357 F.3d at 396, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"  28 U.S.C. § 1447(c).

Defendants removed plaintiff's state law complaint to this Court based on the well-pleaded complaint rule - i.e., the

---

[2]Subsequent to removal, defendants filed a motion to dismiss plaintiff's complaint.  At plaintiff's request, the Court stayed the briefing and resolution of the motion to dismiss pending the determination of plaintiff's motion to remand.  Because the Court will remand plaintiff's case, defendants' motion to dismiss is moot.

complaint raises a substantial federal question. Specifically, defendants contend that plaintiff's state law claims - for violations of the New Jersey Consumer Fraud Act (Count I) and New Jersey Truth-In-Consumer Contract, Warranty and Notice Act (Count II), and for unjust enrichment (Count III) and rescission (Count IV) - are all based on plaintiff's claims that the RG Etch constitutes an illegal tying arrangement in violation of the MMWA. According to the defendants, because a federal question - the MMWA - is presented by plaintiff's complaint, jurisdiction in this Court is proper.

In contrast, plaintiff argues that subject matter jurisdiction is lacking because the MMWA prohibits jurisdiction in the federal court when there are less than 100 class action plaintiffs named in a complaint. Defendants counter that the jurisdictional provision of the MMWA is inapplicable because plaintiff has not actually asserted a claim under the MMWA itself.

A federal question case is one "'arising under the Constitution, laws, or treatises of the United States.'" Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (quoting 28 U.S.C. § 1331). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

In Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983), the Supreme Court "referred to two situations where federal jurisdiction could be available even though plaintiff based its claim in state court on state law: (1) when it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims or (2) when it appears that plaintiff's claim is 'really' one of federal law." Goepel v. National Postal Mail Handlers Union, a Div. of LIUNA, 36 F.3d 306, 310 (3d Cir. 1994) (quoting Franchise Tax Bd., 463 U.S. at 13) (other citations omitted). This doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 312 (2005).

A federal issue is not "a password opening federal courts to any state action embracing a point of federal law," however. Id. at 314. The federal issue will ultimately qualify for a

federal forum "only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313-14.  Thus, the question to be asked is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

Here, the answer to that question is "no."  Defendants removed plaintiff's case on the basis that each of his state claims depends on the determination of whether the RG Etch warranty program constitutes an illegal tying arrangement under the federal MMWA.  Without looking deeper, it would appear that plaintiff's complaint, on its face, raises a substantial federal issue.  Plaintiff, however, has shown that to allow jurisdiction in this Court on that basis would flout the congressional intent of the MMWA.

The MMWA provides, "No claim shall be cognizable in a suit brought [in an appropriate district court of the United States] . . . (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3).  The purpose of this jurisdictional provision is to avoid trivial or minor actions being brought as class actions in the federal district courts.  Novosel v. Northway Motor Car

Corp., 460 F. Supp. 541, 543 (N.D.N.Y. 1978) (citing H.R. Rep. No.1107, 93rd Cong., 2d Sess., Reprinted in (1974) U.S. Code Cong. & Admin. News, pp. 7702, 7724).[3]  Plaintiff here is the only named plaintiff.  Therefore, had plaintiff brought his claims explicitly pursuant to the MMWA, defendants would have been precluded from removing this case to this Court pursuant to § 1331.

Defendants argue that the jurisdictional requirement of the MMWA is immaterial because plaintiff did not bring a MMWA claim. It is far from immaterial, however.  The fact that federal subject matter jurisdiction would be lacking if plaintiff had asserted a claim under the MMWA mandates the conclusion that jurisdiction is lacking where plaintiff has not asserted a claim pursuant to the MMWA.  To allow plaintiff's state law claims to proceed in federal court while claims specifically brought pursuant to the MMWA are precluded would create an untenable result.  Congress explicitly disallowed the creation of a "federal case" where less than 100 plaintiffs bring a class action pursuant to the MMWA.  The Court cannot override that prohibition by exercising jurisdiction over plaintiff's case

---

[3]The MMWA explicitly provides that claims brought pursuant to the MMWA may be advanced "in any court of competent jurisdiction in any State or the District of Columbia."  15 U.S.C. § 2310(d)(1).

7

under the well-pleaded complaint rule.[4]  Consequently, because subject matter jurisdiction is lacking, plaintiff's case must be remanded to state court.[5]

In addition to seeking remand, plaintiff is also seeking attorney's fees and costs associated with defendants' alleged improvident removal.  Pursuant to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court

---

[4] Defendant attempts to distinguish this case from those cases where plaintiff expressly asserts an MMWA claim thus mandating a remand.  However, there is no principled reason why that distinction should matter and a compelling reason why it should not.  There is simply no reason why, on the one hand, federal jurisdiction should not lie when a plaintiff asserts a federal claim Congress clearly intended to limit to state court and, on the other hand, federal jurisdiction should lie where the plaintiff couches those same facts as merely state claims.  To hold otherwise would place the concept of limited federal jurisdiction inherent in the removal statute on its head and elevate the more general removal statute over the more explicit MMWA.  The removal statute is a narrow grant of jurisdiction, meant to mirror the court's original jurisdiction, not a license to undermine clearly expressed congressional intent on where MMWA claims of this kind should be heard.

[5] The Court notes that if there were another basis for subject matter jurisdiction, e.g., diversity jurisdiction pursuant to 28 U.S.C. § 1332, some courts have determined that the federal question jurisdictional provisions of the MMWA do not have to be met in order for the court to exercise jurisdiction over a plaintiff's MMWA claims.  See Chavis v. Fidelity Warranty Services, Inc., 415 F. Supp. 2d 620, 625 n.3 (D.S.C. 2006) (collecting cases); see also Wetzel v. American Motors Corp., 693 F. Supp. 246, 248 (E.D. Pa. 1988) (holding that "the MMWA limitation on the amount in controversy precludes a federal cause of action where jurisdiction is predicated only on federal question jurisdiction (28 U.S.C. §§ 1331, 1337), but does not preclude federal jurisdiction where there are state claims to which the MMWA claim is pendent and the parties are of diverse citizenship").  None of these cases, however, address the situation presented here.

lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of such fees, incurred as a result of removal, lies in the discretion of the court, and does not require a showing of bad faith, or that the removal was fruitless. Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996) (stating that there was "no need to establish definitive criteria against which costs and attorney's fee applications under section 1447(c) must be judged"); see also Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.").

    Here, the Court will not order defendants to pay plaintiff's attorney's fees and costs associated with the removal of plaintiff's case. Plaintiff did not present, and the Court could not find, any case, within this Circuit or in other jurisdictions, that has tackled this precise issue. "Under these less than bright-line circumstances," such an imposition of fees and costs is not warranted. Roxbury Condominium Ass'n, Inc. v.

Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003); see also Martin, 546 U.S. at 140 (citation omitted) ("By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court defendants.  If fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious.  But there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases."); cf. Mints v. Educational Testing Service, 99 F.3d 1253, 1261 (3d Cir. 1996) (stating that in "some cases there are very difficult issues raised when a party removes a case filed in a state court to the district court and another party moves to remand," but in this case, the imposition of fees and costs were appropriate because "this case is not difficult as there was no colorable basis for the removal").

## **CONCLUSION**

In consideration that § 1441 is to be strictly construed against removal, it is apparent that this Court lacks subject matter jurisdiction over plaintiff's complaint, and it must therefore be remanded to state court.  An appropriate Order will be entered.


Dated: July 14, 2009                     s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.